UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 25-cv-80845-MIDDLEBROOKS/Reinhart

ISAAC JEROME HAYES,

    Plaintiff,
v.

R.A. HAYLES, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on United States Magistrate Judge Bruce Reinhart's Report and Recommendation ("R&R"), entered July 29, 2025 (DE 5). Judge Reinhart conducted a screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which allows the Court to review the merits of a Plaintiff's Complaint upon a filing of a motion to proceed in forma pauperis ("IFP"), which Plaintiff filed on July 3, 2025 (DE 3). Although Judge Reinhart did not make a determination of Plaintiff's financial status, he determined that Plaintiff's Complaint was a shotgun pleading and recommended a dismissal of the Complaint without prejudice for this reason. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (describing what constitutes a shotgun pleading). The two-week objections period has now run, and Plaintiff has failed to respond. For the reasons set forth below, I will adopt the Report and dismiss Plaintiff's Complaint without prejudice and with leave to amend.

    **I.**    ***In Forma Pauperis* Application**

Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). A court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment

of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Plaintiff's application indicates that he has no income or assets and is not otherwise working. (DE 3). Accordingly, I find that Plaintiff is indigent.

## II. 28 U.S.C. § 1915(e)(2) Screening

District courts must review *in forma pauperis* civil complaints and dismiss actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Judge Reinhart's Report and Recommendation screened Plaintiff's Complaint and determined it was a shotgun pleading and failed to state a claim. (DE 5).

I have looked at Plaintiff's Complaint (DE 1) and agree with Judge Reinhart. A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A shotgun pleading problem arises when a litigant fails to adhere to these instructions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Additionally, shotgun pleadings fail to give defendants adequate notice of the conduct they are accused of doing; it is insufficient to say that "all Defendants" engaged in a prohibited activity or violated Plaintiff's constitutional rights. *Id.* at 1323.

Here, Plaintiff has managed to identify at least some of his grievances against the Defendants. Plaintiff accuses Officer Hayles of initiating a traffic stop without probable cause and "demanding [Plaintiff's] driver's license despite Plaintiff's lawful recission of any contract with the DMV[.]" (DE 1 at 2). Plaintiff also accuses Defendant Sergeant Snyder of unlawfully reaching into his vehicle. (*Id.* at 3). He accuses Defendant Coleman of "deliberate ignorance" for not instituting training, and for Defendants Felder and Lawson for complicitly allowing the "RBPD to profit from unlawful stops" and for ignoring "DMV's fraudulent 'revoked designations." (DE 1 at 3). However, in the Complaint's causes of action, where Plaintiff must plead each count against a specific (or all) Defendants, Plaintiff entirely omits any mention of the Defendants. Plaintiff's Complaint purportedly brings five counts: False Imprisonment, Fraudulent Contracting under Color of Law, Civil Rico, 14th Amendment Violations, and Monell Liability. (DE 1). It's unclear which Defendant is allegedly liable for which count. Should Plaintiff wish to pursue this lawsuit, he will have to allege the counts specific to each Defendant.

Furthermore, although Plaintiff's Complaint does identify a baseline for what actions Defendants allegedly committed, I find that the allegations do not raise to the level of pleading a cognizable claim. As Judge Reinhart pointed out, the factual allegations do not include sufficient matter, if accepted as true, that would allow the Court to reasonably infer that Defendants are liable for any misconduct or wrongdoing. For example, the Complaint does not detail how Defendants Felder or Lawson were "complicit" in allowing "RBPD to profit from unlawful stops" or how they "ignored DMV's fraudulent revoked designations." (DE 1 at 3). It is unclear who even the RBPD is, or what constitutes the DMV's fraudulent revoked designations. Neither is it clear how Defendant Coleman was "deliberate[ly] ignoran[t]" on not providing training, when the Complaint does not allege whom he was supposed to provide training to or how not providing training on

3

"constitutional or statutory driving" or "contract recission rights" violated Plaintiff's constitutional rights.

These are just a few examples of the factual issues Plaintiff will need to remedy should he wish his lawsuit to continue. Having read the entirety of Plaintiff's allegations, it is clear that Plaintiff fails to state a claim for relief, even when keeping in mind the liberal standard of pleading for pro se litigants. I will allow Plaintiff **one opportunity** to amend his complaint and attempt to correct the pleading deficiencies identified in this Order, should he choose to do so. Plaintiff must replead his Complaint by the date prescribed below to 1) bolster his factual allegations so that the Court may deduce what the aggrieved wrongs were and 2) specifically allege in each Count <u>which Defendant</u> did what.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Magistrate Judge Reinhart's Report and Recommendation (DE 5) is **ADOPTED.**
2) Plaintiff's Motion to Proceed in Forma Pauperis (DE 3) is **DENIED.**
3) Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).
4) Plaintiff may, if he so chooses, file an Amended Complaint curing all of the deficiencies set forth in this Order. The deadline for Plaintiff to do so is **August 28, 2025**.
5) Any forthcoming Amended Complaint must adhere to the following requirements:
   a. The Amended Complaint must be labeled "Amended Complaint."

---

[1] I also note that Plaintiff has included his "28 Interrogatories to Defendants" as an attachment to his Complaint. (*See* DE 1 at 7). As this was not a part of Plaintiff's Complaint, I did not consider any of the facts alleged therein as a part of my analysis here.

4

    b. The Amended Complaint must be timely docketed, identify each defendant, contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

    c. The Amended Complaint must contain numbered paragraphs limited to one fact or allegation per paragraph.

    d. The Amended Complaint must contain a separate paragraph as **<u>to each defendant explaining what that particular defendant did</u>** and the **supporting facts to show why that defendant is being sued.**

6) Plaintiff is warned that **failure** to file the Amended Complaint on time and in compliance with this order **shall result in dismissal of this case without prejudice** for failure to prosecute or alternatively for failure to comply with court orders. See Fed. R. Civ. P. 41(b).

**SIGNED** in Chambers in West Palm Beach, Florida, this 14th day of August 2025.

                                                 Donald M. Middlebrooks
                                                 United States District Judge

Copies to:
    Magistrate Judge Bruce Reinhart,
    Issac Jerome Jaguar Hayes, pro se
    2107 N. Dixie Hwy.
    West Palm Beach, FL 33407